UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

EDWARD LEE,                          )
                                     )
            Plaintiff,               )
                                     )
v.                                   )          No. 1:24-CV-00 195-JRG-CHS
                                     )
CHAD PARTON,                         )
TAMMY WARREN, and                    )
TENNESSEE DEPARTMENT OF              )
CORRECTION,                          )
                                     )
            Defendants.              )

## <u>**MEMORANDUM OPINION**</u>

On June 18, 2024, this Court entered an Order dismissing Plaintiff's pro se prisoner's complaint under 42 U.S.C. § 1983 and providing Plaintiff with fourteen (14) days within which to submit an amended complaint [Doc. 6]. Plaintiff subsequently filed a document, which the Clerk docketed as a letter, that was unsigned and lacked a caption [Doc. 8]. Thus, on July 29, 2024, the Court entered an Order providing Plaintiff with an additional fourteen (14) days within which to "file a signed, captioned amended complaint in accordance with the directives set forth in the Court's June 18th Order" [Doc. 12 at 2]. That deadline has passed, and Plaintiff has failed to file comply with the Court's Orders.

Federal Rule of Civil Procedure 41(b) gives this Court authority to dismiss a case for failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court"); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). The Court examines four

factors when considering dismissal under Rule 41:

> (l) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Here, Plaintiff's failure to prosecute this case and comply with this Court's Orders requires the Court to dismiss this action. ***First***, Plaintiff's failure to timely comply with the Court's Orders and prosecute this action was due to Plaintiff's willfulness or fault. After various warnings and notices Plaintiff still failed to follow an explicit Order of this Court. ***Second***, Plaintiff's failure to comply with the Court's Orders has not prejudiced Defendants, as no Defendant has appeared in this action. ***Third***, the Court's Orders expressly warned Plaintiff that failure to comply would result in the dismissal of this case [Doc. 6 at 10; Doc. 12 at 2]. ***Fourth***, alternative sanctions are not warranted. Plaintiff's complaint fails to state a constitutional claim, and Plaintiff's failure to file an amended complaint has left the Court unable to proceed with this action.

"[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Here, Plaintiff's pro se status did not prevent him from complying with the Court's Orders, and his status does not mitigate the balance of factors under Rule 41(b).

Accordingly, the Court will **DISMISS** this action for failure to state a claim upon which relief may be granted and for failure to prosecute and comply with an Order of the Court. Because it would lack any legal or factual basis, any appeal from this action would not be taken

2

in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3). Therefore, should

Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C.

§ 1915(a)(3); Fed. R. App. P. 24(a).

      **AN APPROPRIATE JUDGMENT SHALL. ENTER:**

ENTER:

s/J. RONNIE GREER
     UNITED STATES DISTRICT JUDGE

3